**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KYLE RICHARD ECKARDT,

   Petitioner-Appellant,

v.

JUSTIN JONES, Director,

   Respondent-Appellee.

No. 13-6201
(D.C. No. 5:13-CV-00602-D)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

   Proceeding *pro se*, Oklahoma state prisoner Kyle Richard Eckardt seeks a

certificate of appealability ("COA") so he can appeal the district court's denial of

the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing that no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA).

   Eckardt was convicted of first degree murder after entering an *Alford* plea

on September 16, 2011. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). On

September 20, 2011, he was sentenced to life imprisonment without the

possibility of parole. Eckardt did not seek to withdraw his plea or appeal his

conviction or sentence. Instead, he filed a state application for post-conviction relief on February 5, 2013. The denial of this application was affirmed by the Oklahoma Court of Criminal Appeals on May 17, 2013.

Eckardt filed the instant § 2254 petition on June 10, 2013. Respondent moved to dismiss the petition, arguing it was filed after the expiration of the one-year limitations period established by the AEDPA. *See* 28 U.S.C. § 2244(d)(1) (setting forth a one-year statute of limitations for § 2254 applications). The matter was referred to a magistrate judge who recommended the petition be dismissed because it was untimely and Eckardt did not meet the standards for statutory or equitable tolling. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding there is no statutory tolling for time spent in state post-conviction proceedings if relief is not sought until after the one-year limitations period has expired).

Eckardt filed timely objections to the magistrate judge's recommendation and those objections were considered *de novo* by the district court. The court, however, adopted the magistrate judge's recommendation and dismissed Eckardt's § 2254 petition as untimely.

To be entitled to a COA, Eckardt must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to

a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Eckardt's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal.

We **deny** Eckardt's request for a COA and **dismiss** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge